UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

YVES JEAN,

     Plaintiff,

v.

SUMMIT NURSING SERVICES, INC.,
a Florida Corporation, and MELVA
BARRETT, individually,

     Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, YVES JEAN, by and through his undersigned counsel, and sues the Defendants, SUMMIT NURSING SERVICES, INC. (hereinafter, referred to as "Company"), and MELVA BARRETT, individually, (hereinafter, referred to as "BARRETT"), and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. The gravamen of this case is that the Plaintiff was a non-exempt employee hired by the Defendants, but the Defendants willfully refused to compensate the Plaintiff for all work performed in direct contravention of the law, as well as even the basic minimum wage for such work, under Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

1

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district and were 'employers' under the FLSA.

6. That at all times material hereto, Defendant, BARRETT, individually, acted directly in the interests of his employer, the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7. That at all times material hereto, Defendant, Company, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9. That the Plaintiff, YVES JEAN, was hired as a non-exempt employee by the Defendants.

10. During his employment, the Plaintiff did not receive his paychecks as Defendants willfully refused to compensate the Plaintiff for even the basic minimum wage for such work, as required by the FLSA.

11. That all records concerning the number of hours actually worked by Plaintiff are in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due.

12. That Plaintiff, however, will exert their collective diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

## COUNT I
## FLSA – COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

13. That Plaintiff is entitled to minimum wage for hours worked pursuant to the FLSA.

14. That by reason of the intentional, willful and unlawful acts of the Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, YVES JEAN, demands judgment against the Company, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA – BARRETT

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

15. That Plaintiff is entitled to minimum wage for hours worked pursuant to the FLSA.

16. That by reason of the intentional, willful and unlawful acts of BARRETT in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, YVES JEAN, demands judgment against BARRETT, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## UNPAID WAGES/FLORIDA STATUTES § 448.08-COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

17. That the Company as alleged herein and above, has wrongfully withheld unpaid wages owed to the Plaintiff.

18. That as a result of the Company's wrongful withholding of Plaintiff's wages, the Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, YVES JEAN, demands judgment against the Company, awarding Plaintiff his unpaid wages, costs, reasonable attorney fees pursuant to Florida Statutes 448.08, as well as any other relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, YVES JEAN, demands trial by jury.

Dated: January 12, 2017.                Respectfully submitted,

                                              Law Offices of Levy & Levy, P.A.
                                              1000 Sawgrass Corporate Parkway
                                              Suite 588
                                              Sunrise, Florida  33323
                                              Telephone: (954) 763-5722
                                              Facsimile: (954) 763-5723
                                              Email: chad@levylevylaw.com
                                              Service Email: assistant@levylevylaw.com
                                              *Counsel for Plaintiff*

                                              */s/ Chad Levy*
                                              CHAD E. LEVY, ESQ.
                                              F.B.N.: 0851701